UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DWIGHT RAY HILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 7:13-cv-072-O-BL |
| JAMES E. SMITH, Superintendent, | § | ECF |
| North Texas State Hospital, | § | |
| | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 by Petitioner Dwight Ray Hill, who is currently detained at the North Texas State Hospital, in Wichita Falls, Texas. In his amended petition, filed June 12, 2013, (Doc. 6), Hill challenges the validity of his pretrial detention, which was ordered for incompetency to stand trial in a state criminal proceeding, s*ee State v. Hill*, No. CR10-0676 (415th Dist. Ct., Parker County, Tex.) (filed Aug. 26, 2010).

On January 24, 2014, this Court ordered Hill to show cause why his petition should not be dismissed for failing to exhaust state court remedies prior to filing his petition. (Doc. 18.) Although Hill has filed documents with the Court showing that the Second Court of Appeals, in Fort Worth, Texas, dismissed his habeas petition, (*see* Docs. 20, 21), Hill has not shown that he brought his claims before the Texas Court of Criminal Appeals, and such claims were ultimately adjudicated. Thus, the magistrate judge recommends that the district judge dismiss, without prejudice, Hill's habeas petition for failure to exhaust state court remedies.

-1-

Before requesting federal habeas relief under § 2241, a petitioner must have exhausted his claims in state court. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Although the statutory language of § 2241 does not contain an exhaustion requirement, the courts have developed an exhaustion doctrine holding that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. at 225; *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S. Ct. 1123, 1127-28, 35 L. Ed. 2d 443 (1973). In order to exhaust state remedies, the petitioner must submit the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *see also Cotton v. Jefferson Cnty.*, 1:13CV267, 2013 WL 3367299, *1-2 (E.D. Tex. July 3, 2013). Thus, prior to filing a habeas petition in federal court, a Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Cotton* at *1-2; *Deters v. Collins*, 985 F.2d 789, 794-95 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Still, prior to dismissal, the petitioner should be afforded an opportunity to address the exhaustion requirement. *See Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675, 1684, 164 L. Ed. 2d 376 (2006); *Magouirk v. Phillips*, 144 F.3d 348, 357-59 (5th Cir. 1998); *Kurtzemann v. Quarterman*, 306 F. App'x 205, 206, (5th Cir. 2009). Further, a petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795.

This Court has given Hill the opportunity to show cause why his petition should not be dismissed for failure to exhaust state court remedies—Hill has demonstrated that he has not yet

brought his claims before the Texas Court of Criminal Appeals and that there are no exceptional circumstances that require the federal court to intervene in his state court proceedings.

For the foregoing reasons, it is therefore **RECOMMENDED** that all pending motions in this case be **DENIED** and the petition for writ of habeas corpus be **DISMISSED** without prejudice.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 28th day of February, 2014.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**